## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

MONIQUE MARIE LAFONTAINE                    CIVIL ACTION

VERSUS                                      NO. 20-3458-WBV-DPC

MASSACHUSETTS MUTUAL LIFE                    SECTION: D (2)
INSURANCE CO.

### ORDER and REASONS

Before the Court is a Motion for Evidentiary Hearing, or, Alternative Subpoenaed Deposition on Defendant's Motion for Judgment on the Pleadings, filed by plaintiff, Monique Marie Lafontaine.[1]  Massachusetts Mutual Life Insurance Co. opposes the Motion.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** Plaintiff's Motion.

## I.    FACTUAL BACKGROUND

For purposes of this Motion, the Court provides a summary of the relevant factual background.  On or about November 24, 2020, Plaintiff filed a Petition for Declaratory Judgment, Reformation, Estoppel, Waiver, Unfair Practices, and Statutory Penalties against Massachusetts Mutual Life Insurance Company ("Mass Mutual") in the 24th Judicial District Court for the Parish of Jefferson, Louisiana.[3]  Mass Mutual removed the case to this Court on December 23, 2020, asserting diversity jurisdiction under 28 U.S.C. § 1332.[4]  On February 25, 2021, Mass Mutual

---

[1] R. Doc. 40.
[2] R. Doc. 44.
[3] R. Doc. 1-2.
[4] R. Doc. 1.

filed a Motion for Judgment on the Pleadings, asking the Court to dismiss with prejudice Plaintiff's Petition under Fed. R. Civ. P. 12(c).[5]  That motion was set for submission on March 23, 2021.

On March 18, 2021, three days after Plaintiff's opposition was due, Plaintiff filed a Consent Motion to Continue Submission Date on Defendant's Motion for Judgment on the Pleadings.[6]  The Court granted that motion, extending the submission date for Mass Mutual's Motion for Judgment on the Pleadings to April 6, 2021.[7]  On April 1, 2021, again three days after Plaintiff's opposition was due, Plaintiff filed a second Consent Motion to Continue Submission Date on Defendant's Motion for Judgment on the Pleadings.[8]  The Court again granted Plaintiff's Motion and continued the submission date on Mass Mutual's Motion for Judgment on the Pleadings to April 20, 2021.[9]  On April 14, 2021, Mass Mutual filed a Notice of Plaintiff's Failure to File Timely Opposition to Defendant's Motion for Judgment on the Pleadings.[10]  On April 21, 2021, after the submission deadline and well after Plaintiff's deadline for filing an opposition, Plaintiff filed a Motion to Extend Deadlines to Respond and Reply to Defendant's Motion for Judgment on the Pleadings and to Amend Pleadings.[11]  Mass Mutual timely filed an opposition to

---

[5] R. Doc. 20.
[6] R. Doc. 23.
[7] R. Doc. 25.
[8] R. Doc. 26.
[9] R. Doc. 27.
[10] R. Doc. 28.
[11] R. Doc. 29.

Plaintiff's Motion to Extend Deadlines.[12]   Thereafter, the Court denied Plaintiff's Motion to Extend Deadlines.[13]

Plaintiff is now before the Court with a Motion for Evidentiary Hearing, or, Alternative Subpoenaed Deposition on Defendant's Motion for Judgment on the Pleadings.[14]   In her Motion, Plaintiff seeks the sworn testimony of Mass Mutual's "captured" local agent, Xavier Angel.  Plaintiff avers "that she seeks the deposition of MassMutual's [sic] local agent solely for Defendant's Rule 12(c) Motion, and not for discovery purposes."[15]   Plaintiff relies on language from a case from the Fifth Circuit, *Hebert Abstract Co. v. Touchstone Properties, Ltd.* as legal support for her request.[16] In its Opposition brief, Mass Mutual asserts that Plaintiff's Motion is nothing more than an attempt by Plaintiff to substantively respond to Mass Mutual's Motion for Judgment on the Pleadings, after Plaintiff failed to timely do so three times.[17] Further, Mass Mutual asserts that Plaintiff's Motion is meritless because evidence is not properly considered on Rule 12(c) motions, as the Court is confined to the pleadings.[18]   Mass Mutual also asserts that Plaintiff misconstrues the *Hebert Abstract Co.* case.  Mass Mutual points out that the Fifth Circuit in that case specifically determined "the only question presented to the district court was one of [] interpretation and construction . . .  A motion brought under [Rule] 12(c) is

---

[12] R. Docs.33, 35.
[13] R. Doc. 38.
[14] R. Doc. 40.
[15] R. Doc. 40-1 at p. 1, n.1.
[16] 914 F.2d 74 (5th  Cir. 1990).
[17] R. Doc. 44.
[18] *Id*. at p. 3.

specifically designed to facilitate this inquiry."[19]  Mass Mutual contends that Plaintiff "has practiced gamesmanship by shoehorning a response to the MJP through the back door when she cannot get it in through the front door."[20]

## II.    LEGAL STANDARD

"A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[21]  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[22]  According to the Fifth Circuit, "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain."[23]

Courts evaluate a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) using the same standard as a motion to dismiss for failure to state a claim.[24]  To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[25]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[19] *Id.* (quoting *Hebert Abstract Co.*, 914 F.2d 74, 76 (5th Cir. 1990)) (internal quotation marks omitted).
[20] R. Doc. 44 at p. 3.
[21] *Great Plains Trust Co., v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co.*, 914 F.2d at 76) (internal quotation marks omitted).
[22] *MySpace, Inc.*, 528 F.3d at 418 (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).
[23] *Hughes*, 278 F.3d at 420 (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).
[24] *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

misconduct alleged."[26]   The Court, however, does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[27]   But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[28]   In ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the district court is confined to the pleadings and must accept all allegations contained therein as true.[29]

## III.   ANALYSIS

Plaintiff requests "an evidentiary hearing or subpoenaed deposition regarding Defendant's Rule 12(c) Motion and the Response thereto."[30]   Plaintiff asserts that the witness can testify regarding "the veracity of the fundamental facts made the bases of the Petition."[31]   The only case cited by Plaintiff to support her request for an evidentiary hearing or subpoenaed deposition to rebut Mass Mutual's Rule 12(c) Motion is *Hebert Abstract Co. v. Touchstone Properties, Ltd.*[32]   Plaintiff's reliance on that case for the proposition that she is entitled to an evidentiary hearing or deposition on Mass Mutual's Rule 12(c) Motion is misplaced.

The Fifth Circuit in *Hebert Abstract Co.* made clear that, "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts

[26] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937) (internal quotation marks omitted).
[27] *Gentilello*, 627 F.3d at 544 (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)) (internal quotation marks omitted)..
[28] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).
[29] *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417 (5th Cir. 2001).
[30] R. Doc. 40 at p. 1.
[31] *Id.* at pp. 1-2.
[32] 914 F.2d 74 (5th Cir. 1990).

are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[33]  The Fifth Circuit also held that a motion under Rule 12(c) is the appropriate vehicle when the facts of a case are not in dispute and "the only question presented to the district court was one of interpretation and construction" of the applicable law.[34]  Plaintiff either missed or intentionally failed to cite the above language from *Hebert Abstract Co.*, or any of the jurisprudence cited in this Order, which clearly provides the parameters for ruling on a motion under Rule 12(c), or, indeed, any of the plethora of cases which have subsequently cited *Hebert Abstract Co.*  Further, and contrary to Plaintiff's assertion, the Fifth Circuit in *Hebert Abstract Co.* did not "indirectly acknowledge" that an evidentiary hearing could be held on a Rule 12(c) motion.[35]  The Fifth Circuit merely concluded that the plaintiff in that case could not complain on appeal that it was denied an evidentiary hearing "since it made no request for such a hearing and failed to object to resolution of the matter under Fed.R.Civ.P. 12(c)."[36]  The Court therefore rejects Plaintiff's assertion, which misstates the Fifth Circuit's holding.

The Court will not go so far as to say that Plaintiff is engaging in gamesmanship by attempting to respond to Mass Mutual's Motion after failing to file any opposition thereto, despite obtaining several extensions to do so.  Instead, the Court simply denies Plaintiff's Motion as not supported by the law.

---

[33] *Id*. at p. 76.
[34] *Id*.
[35] *See*, R. Doc. 40-1 at p. 2.
[36] 914 F.2d at 76.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Evidentiary Hearing, or, Alternative Subpoenaed Deposition on Defendant's Motion for Judgment on the Pleadings[37] is **DENIED.**

New Orleans, Louisiana, May 19, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[37] R. Doc. 40.