UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONIQUE MARIE LAFONTAINE | CIVIL ACTION |
| VERSUS | NO. 20-3458-WBV-DPC |
| MASSACHUSETTS MUTUAL LIFE INSURANCE CO. | SECTION: D (2) |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Relief From Final Judgment Pursuant to Rules 52, 54, 59, 60 of the Federal Rules of Civil Procedure.[1] Defendant, Massachusetts Mutual Life Insurance Company ("Mass Mutual"), opposes the Motion.[2]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2021, the Court issued an Order and Reasons, granting Mass Mutual's Motion for Judgment on the Pleadings, and dismissing with prejudice all of Monique Marie LaFontaine's ("LaFontaine's") claims asserted against Mass Mutual in her state court Petition for Declaratory Judgment, Reformation, Estoppel, Waiver, Unfair Practices, and Statutory Penalties (the "Petition").[3] As explained in the Court's Order and Reasons, Mass Mutual's Motion was unopposed because LaFontaine failed to file a timely opposition, despite the Court granting her two

---

[1] R. Doc. 60.
[2] R. Doc. 63.
[3] R. Doc. 58.

continuances to do so.[4]  In light of the Order and Reasons, the Court issued a Final Judgment on August 20, 2021, dismissing with prejudice LaFontaine's Petition.[5]

LaFontaine filed the instant Motion for Relief From Final Judgment on September 17, 2021.[6]  The very next day, on September 18, 2021, LaFontaine filed a Notice of Appeal, seeking review of this Court's August 20, 2021 Final Judgment.[7]  In the Notice of Appeal, LaFontaine asserts that, "In an abundance of caution, Plaintiff files this Notice of Appeal from the Final Judgment (Doc. 59) within thirty (30) days of its entry on August 20, 2021, even though the post-judgment Motion tolls the deadline to appeal until after Judge Vitter rules on them."[8]  LaFontaine further asserts that, "In this circumstance, the district court retains jurisdiction to decide the post-judgment Motion (Doc. 6) [sic] and any other matters still pending on the docket."[9]  Finally, LaFontaine "respectfully requests that the 'next-steps' in this appeal be stayed until Judge Vitter considers and decides the post-judgment Motion. (Doc. 60).  The Plaintiff anticipates that the resolution of the post-judgment Motion and/or other matters also will be appealed."[10]

---

[4] R. Doc. 58 at p. 1 (*citing* R. Docs. 23 & 26).  *See also*, R. Doc. 38, the Court's April 27, 2021 Order denying LaFontaine's Motion to Extend Deadlines to Respond and Reply to Defendant's Motion for Judgment on the Pleadings and to Amend Pleadings (R. Doc. 29), denying as moot LaFontaine's Motion to Clarify Deadline to Amend Pleadings (R. Doc. 36), and striking LaFontaine's untimely Response to the Defendant's Motion for Judgment on the Pleadings (R. Doc. 34).
[5] R. Doc. 59.
[6] R. Doc. 60.
[7] R. Doc. 61.
[8] *Id*. at p. 1.
[9] *Id*.
[10] *Id*.

**A. LaFontaine's Motion for Relief From Final Judgment**

In her Motion, LaFontaine seeks relief from the Court's August 20, 2021 Final Judgment "pursuant to Fed. R. Civ. Proc. arts. [sic] 52, 54, 59, and 60."[11] LaFontaine asks the Court to grant her Motion and "provid[e] relief from the Final Judgment (Doc. 59) as requested in the accompanying Memorandum in Support . . . ."[12] In her Memorandum, however, LaFontaine asserts that, "a New Trial from the Final Judgment should be granted; and the Final Judgment should be amended and/or altered in the manners requested herein."[13] Although not a model of clarity, Plaintiff appears to request the following relief in her Motion: (1) for the Court to consider her "timely-filed" response to Mass Mutual's Motion for Judgment on the Pleadings; (2) for the Court to correct its error of identifying LaFontaine as "'Monica LaFontaine' throughout" the Order and Reasons, in order to avoid confusion on appeal; (3) for the Court to rule on two of LaFontaine's motions that were pending at the time the Court issued the August 20, 2021 Final Judgment, so that the Court can render a final judgment "as needed to appeal to the Fifth Circuit Court of Appeal;"[14] and (4) for the Court to designate its August 20, 2021 Final Judgment as a partial final judgment under Fed. R. Civ. P. 54(b), since it adjudicates "fewer than all claims."[15]

LaFontaine then asserts "Additional Arguments," and seems to allege that the Court made a "mistaken fact" in its August 20, 2021 Order and Reasons by finding

---

[11] R. Doc. 60 at p. 1 (*citing* R. Doc. 59).
[12] R. Doc. 60 at p. 1.
[13] R. Doc. 60-1 at p. 1.
[14] *See*, R. Docs. 46 & 47.
[15] R. Doc. 60-1 at p. 2.

that LaFontaine did not allege in her state court Petition that Mass Mutual failed to pay a claim under the insurance policy at issue within 30 days' written notice thereof.[16]  LaFontaine argues that, "The Petition makes several allegations, which repeatedly state that MassMutual did not pay the Plaintiff's Partial or Total Disability claim within the thirty (30) day statutory period," pointing specifically to Paragraphs 8, 9, 11, 38, and 27-31 in the Petition.[17]  LaFontaine further asserts that in her "timely-filed Response" to Mass Mutual's Motion for Judgment on the Pleadings, she sought leave "to amend her Petition to address any deficiencies the Court may find."[18]  Since the Court did not consider her Response, LaFontaine re-urges her request for leave to amend her Petition.[19]

Mass Mutual opposes the Motion, asserting that LaFontaine's contention that the Court's August 20, 2021 Final Judgment is not final, or that the Court overlooked or failed to address any of LaFontaine's claims, lacks merit.[20]  Mass Mutual points out that while its Motion for Judgment on the Pleadings was pending, the parties agreed and jointly stipulated to extend discovery and continue certain pretrial deadlines, and that LaFontaine stipulated that Mass Mutual's Motion for Judgment on the Pleadings sought "judgment as a matter of law on all of Plaintiff's claims."[21]  Mass Mutual further asserts that LaFontaine has not identified any manifest error of fact or law, new evidence, or any other reason to disturb the Court's thorough

---

[16] R. Doc. 60-1 at p. 3 (*quoting* R. Doc. 58 at pp. 20-21).
[17] R. Doc. 60-1 at pp. 4-6.
[18] *Id.* at p. 6 (*quoting* R. Doc. 34 at pp. 21-22) (internal quotation marks omitted).
[19] R. Doc. 60-1 at p. 6.
[20] R. Doc. 63 at p. 2.
[21] *Id.* at p. 3 (*quoting* R. Doc. 51 at ¶ 2; R. Doc. 56 at ¶ 2) (internal quotation marks omitted).

analysis.[22] Treating LaFontaine's Motion as seeking relief under Fed. R. Civ. P. 59(e), Mass Mutual contends that none of LaFontaine's arguments satisfy the standard for amending and/or altering the Court's August 20, 2021 Final Judgment.[23] Mass Mutual also asserts that LaFontaine has not provided any legal basis for the Court to grant her leave to amend her Petition at this stage of the litigation to assert additional claims against Mass Mutual.[24] As such, Mass Mutual argues the Motion should be denied.

## II. LAW AND ANALYSIS

### A. The Court's Jurisdiction to Hear a Post-Judgment Motion After a Notice of Appeal is Filed.

At the outset, the Court notes that neither party has addressed, much less acknowledged, the fact that LaFontaine filed a Notice of Appeal of the Court's August 20, 2021 Final Judgment one day after she filed the instant Motion for Relief From Final Judgment.[25] Regardless, the Court addresses the threshold issue of whether this Court has jurisdiction to consider LaFontaine's Motion in light of the pending appeal. As explained by the Fifth Circuit, "A district court loses all jurisdiction over matters brought to the court of appeals upon the filing of a notice of appeal."[26] Nonetheless, "Once 'an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the

---

[22] R. Doc. 63 at p. 2.
[23] R. Doc. 63 at pp. 3-5.
[24] R. Doc. 63 at p. 7.
[25] *See, generally*, R. Docs. 60 & 63.
[26] *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (citing authority).

appellate court, or to correct clerical errors under Rule 60(a).'"[27] Further, Fed. R. Civ. P. 62.1(a) provides that:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.[28]

In the Motion, LaFontaine asserts, generally, that she is entitled to post-judgment relief "pursuant to Fed. R. Civ. Proc. arts. [sic] 52, 54, 59, and 60."[29] Although LaFontaine fails to specify which provision of these Rules she is purportedly seeking relief under, LaFontaine appears to seek relief primarily under Rules 59(e) and 60(b). The Fifth Circuit has held that, "the timely filing of a motion listed in [Fed. R. App. P.] 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court. This holds true regardless of whether the motion was filed before or after the notice of appeal."[30] The Fifth Circuit has recognized that, "One of the motions listed in Rule 4(a)(4)(A) is a motion 'to alter or amend the judgment under Rule 59.'"[31] This Court notes that Fed. R. App. P 4(a)(4)(A) also lists motions "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered."[32] LaFontaine filed the instant Motion

---

[27] *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)).
[28] Fed. R. Civ. P. 62.1(a).
[29] R. Doc. 60 at p. 1; R. Doc. 60-1 at p. 1.
[30] *Ross v. Marshall*, 426 F.3d 745, 752 (5th Cir. 2005) (citing authority).
[31] *Ross,* 426 F.3d at 752 (*quoting* Fed. R. App. P. 4(a)(4)(A)(vi)).
[32] Fed. R. App. P. 4(a)(4)(A)(vi).

on September 17, 2021, exactly 28 days after the Court's August 20, 2021 Final Judgment.[33] Thus, the foregoing legal authority indicates that this Court has jurisdiction to consider the merits of LaFontaine's Motion to the extent she seeks post-judgment relief under Fed. R. Civ. P. 59(e) and 60(b).

### B. LaFontaine's Request for Relief From Final Judgment Under Fed. R. Civ. P. 60.

To the extent LaFontaine seeks relief under Rule 60(b), as indicated by the title of her Motion, "Plaintiff's Motion for Relief From Final Judgment," the Fifth Circuit has held that:

> [w]hen a Rule 60(b) motion is filed while an appeal is pending, this circuit, along with other circuits and the commentators, has expressly recognized the power of the district court to consider *on the merits* and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal.[34]

The Fifth Circuit further clarified that, "As the language emphasized above indicates, the district court has two choices: either grant the motion, *if* given leave to do so by the appellate court; or consider the motion *on its merits*, and deny it."[35] The Fifth Circuit further cautioned that, "the district court does not have the option simply to deny the motion, without considering it on the merits; *i.e.*, without exercising its discretion."[36]

---

[33] *See*, R. Docs. 59 & 60.
[34] *Silva v. Harris County*, 5 F.3d 1496 (5th Cir. 1993) (quoting *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984)) (internal quotation marks omitted) (emphasis in original).
[35] *Silva*, 5 F.3d 1496 (emphasis in original).
[36] *Id.* (comparing the case to *Wilson v. Thompson*, 638 F.2d 801 (5th Cir. Unit B 1981) (affirming the district court's denial of a Rule 60(b) motion made after appeal was taken, because, in the district court's discretion, the new evidence that was the subject of the motion was cumulative)) (emphasis in original).

Turning to the merits of LaFontaine's Motion, to the extent she seeks relief under Fed. R. Civ. P. 60(b), that provision provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[37]

The Fifth Circuit has made clear that relief under Rule 60(b)(6) is appropriate only in an "extraordinary situation" or "if extraordinary circumstances are present."[38] According to the Fifth Circuit, "Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."[39] The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.[40]

---

[37] Fed. R. Civ. P. 60(b).
[38] *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) (citing *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747-48 (5th Cir. 1995)). *See, Theard v. Dep't of Civil Service, Louisiana*, Civ. A. No. 10-4165, 2012 WL 6161944, at *7 (E.D. La. Dec. 11, 2012) (citing *Hess v. Cockerell*, 281 F.3d 212, 216 (5th Cir. 2002); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)); *May v. Hummingbird Aviation, LLC*, Civ. A. No. 08-1190, 2009 WL 10679749, at *1 (E.D. La. Dec. 16, 2009) (citing *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).
[39] *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986) (*citing* 7 J. Lucas & J. Moore, Moore's Federal Practice ¶ 60.27[2] at 274 (2d ed. 1985)).
[40] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

Although the arguments in LaFontaine's Motion are a bit unclear, the Court finds that no Rule 60(b) grounds are fairly raised in the Motion. LaFontaine has not presented any evidence to support a finding of mistake, inadvertence, surprise or excusable neglect. Further, she does not contend that there has either been newly discovered evidence or fraud, misrepresentation or misconduct by the opposing party. Finally, Lafontaine does not suggest that the judgment is void or has been satisfied in some other manner, nor has she articulated any sufficient reason to justify relief under Rule 60(b). As such, the Motion is denied to the extent that LaFontaine seeks relief from the Court's August 20, 2021 Final Judgment under Rule 60(b).

### C. LaFontaine's Request for Relief From Final Judgment Under Fed. R. Civ. P. 59.

As previously mentioned, LaFontaine does not specify under which provision of Rule 59 she seeks relief from this Court's August 20, 2021.[41] The Court surmises, however, that LaFontaine appears to seek relief under Rule 59(e), which provides a mechanism for altering or amending judgments.[42] Rule 59(e) "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"[43] A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) that the motion is justified based upon new evidence; (3) that the motion is necessary in order to

---

[41] *See, generally,* R. Doc. 60.
[42] *See,* Fed. R. Civ. P. 59.
[43] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 394-95 (E.D. La. 2016) (Africk, J.) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

prevent manifest injustice; or (4) that the motion is justified by an intervening change in the controlling law.⁴⁴ A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).⁴⁵

As explained by the Fifth Circuit, "A Rule 59(e) motion 'calls into question the correctness of a judgment.'"⁴⁶ For that reason, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."⁴⁷ Additionally, a Rule 59(e) motion "is not an appropriate procedural vehicle to pursue reconsideration of arguments previously rejected."⁴⁸ The Court is mindful that, "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."⁴⁹ Relief is appropriate under Rule 59(e) "where failure to grant would allow a miscarriage of justice to persist or leave a 'genuine ambiguity' in the judgment unresolved."⁵⁰

The Court finds that LaFontaine has failed to articulate any Rule 59(e) grounds for this Court to alter or amend its August 20, 2021 Final Judgment.

---

⁴⁴ *Namer*, 314 F.R.D. at 395 (quoting *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *See*, *Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).
⁴⁵ *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
⁴⁶ *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
⁴⁷ *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
⁴⁸ *Plaquemines Holdings, LLC v. CHS, Inc.*, Civ. A. No. 11-3149, 2013 WL 6332151, at *3 (E.D. La. Dec. 5, 2013) (citing *Templet*, 367 F.3d at 479).
⁴⁹ *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).
⁵⁰ *Plaquemines Holdings, LLC*, Civ. A. No. 11-3149, 2013 WL 6332151 at *3 (citing *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)).

Specifically, LaFontaine has not presented any new evidence or suggested that the Motion is justified by an intervening change in the controlling law, nor has she alleged that the Motion is necessary to prevent manifest injustice. To the extent LaFontaine asserts that the Final Judgment is somehow based upon manifest errors of law or fact because the Court failed to rule on two motions that were pending at the time of the Final Judgment,[51] or because the Final Judgment "addresses fewer than all claims,"[52] the Court rejects those arguments as meritless. A cursory review of the Court's August 20, 2021 Order and Reasons granting Mass Mutual's Motion for Judgment on the Pleadings makes clear that the Court addressed, and dismissed, each of the claims asserted by LaFontaine in her state court Petition, and provided extensive reasoning for doing so.[53] Further, as Mass Mutual points out, LaFontaine previously represented to the Court, through two joint motions, that Mass Mutual's Motion for Judgment on the Pleadings "seeks judgment as a matter of law on all of Plaintiff's claims."[54] Thus, the Court's August 20, 2021 Final Judgment is an adjudication of all of LaFontaine's claims in this matter.

To the extent LaFontaine's Motion can be construed as asserting a manifest error of fact based upon the reference to "Monica LaFontaine" in the Court's August 20, 2021 Order and Reasons, the Court finds that the two references to "Monica LaFontaine" do not constitute manifest errors of fact "upon which the judgment is

---

[51] R. Doc. 60-1 at p. 2 (third request for relief).
[52] *Id.* (fourth request for relief).
[53] *See*, R. Doc. 58 at pp. 10-21.
[54] R. Doc. 51 at ¶ 2; R. Doc. 56 at ¶ 2.

based."[55] The Court likewise rejects LaFontaine's assertion that these two references to "Monica LaFontaine" in the Order and Reasons will "create some confusion in the future, especially on appeal to the Fifth Circuit of Appeal."[56] The headings of the Court's August 20, 2021 Order and Reasons and Final Judgment clearly identify the plaintiff in this case as "Monique Marie Lafontaine,"[57] and LaFontaine is identified elsewhere in the Order and Reasons as "LaFontaine."[58] As such, the Court rejects LaFontaine's assertion that these references constitute manifest errors of fact justifying relief under Rule 59(e).

To the extent the Motion can be construed as LaFontaine asserting that the Court committed a manifest error of law or fact by concluding that she did not allege that Mass Mutual failed to pay her claim within 30 days, LaFontaine has failed to direct the Court to any language in her state court Petition that contradicts the Court's conclusion. Although LaFontaine argues that, "Paragraphs 8, 9, and 11 [of the state court Petition] allege that MassMutual 'failed to pay a claim under the Policy within 30 days' written notice thereof,'"[59] her Petition contains no such allegation. Curiously, LaFontaine included in her Motion what she deemed to be the pertinent text of Paragraphs 8, 9, and 11 that support her argument, and there is no allegation therein that Mass Mutual failed to pay a claim under the policy within 30

---

[55] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 395 (E.D. La. 2016) (quoting *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted).
[56] R. Doc. 60-1 at p. 1.
[57] R. Docs. 58 & 59.
[58] *See, generally*, R. Doc. 58.
[59] R. Doc. 60-1 at p. 4.

days' written notice thereof.[60] Instead, LaFontaine alleged in Paragraphs 8, 9, and 11 (and ostensibly omitted from her Motion) that she submitted a claim to Mass Mutual for a Partial Disability "In 2018," that "MassMutual first declared Ms. Lafontaine to be a Total Disability under the Disability Policy as of May 15, 2019," that "The Disability Policy requires a ninety (90) day Waiting Period between the date MassMutual approves a claim for Disability and the date benefits will start to be paid," and that her waiting period "ran from approximately mid-May to mid-August 2019, at which time MassMutual started to pay her Total Disability Benefits."[61] As the Court explained in the August 20, 2021 Order and Reasons, LaFontaine listed various "acts and omissions" committed by Mass Mutual in the Petition, but did not allege that Mass Mutual failed to pay a claim under the policy within 30 days' written notice thereof.[62] While LaFontaine may believe that such an allegation is "self-evident" based upon other allegations made in her Petition,[63] the Court disagrees.

The Court likewise rejects LaFontaine's assertion that Paragraphs 27-31 in her Petition, which concern Mass Mutual's alleged failure to honor its September 18, 2019 letter regarding when LaFontaine's monthly benefit under the Cost of Living

---

[60] *Id.*
[61] R. Doc. 1-2 at ¶¶ 8, 9, & 10
[62] R. Doc. 58 at pp. 20-21 (*citing* R. Doc. 1-2 at ¶ 39). To the extent LaFontaine asserts that the Order and Reasons incorrectly states that she submitted a claim for Total Disability in 2019, that error does not constitute a manifest error of fact upon which the Final Judgment is based. (R. Doc. 60-1 at p.5 (*quoting* R. Doc. 58 at p. 2)). It is clear from the Order and Reasons that the Court did not rely upon that factual finding in determining that LaFontaine had failed to allege in her Petition that Mass Mutual failed to pay a claim within 30 days' written notice thereof. *See*, R. Doc. 58 at pp. 20-21. Thus, the Court's reference to a 2019 claim in the Order and Reasons does not justify relief under Rule 59(e).
[63] R. Doc. 60-1 at p. 5.

Rider in her policy would increase annually, somehow constitutes an allegation that Mass Mutual failed to pay a claim under the policy within 30 days' written notice thereof. The Court recognizes that Paragraph 38 of the Petition alleges that Mass Mutual's acts and omissions "violated its affirmative duty to adjust claims fairly, promptly, and reasonably."[64] That conclusory allegation, however, is not supported by any factual allegation that Mass Mutual failed to pay a claim within 30 days' notice thereof. Additionally, because LaFontaine's arguments could have been raised in a timely opposition before the entry of judgment, Rule 59(e) is not the proper vehicle for raising these arguments.[65] As such, the Court rejects LaFontaine's assertion that the Court's determination that she did not allege that Mass Mutual failed to pay a claim under the policy within 30 days' written notice thereof justifies altering or amending the August 20, 2021 Order and Reasons or the August 20, 2021 Final Judgment under Rule 59(e).

### D. LaFontaine's Request for Relief Under Fed. R. Civ. P. 54.

While the Court has determined that it has jurisdiction to consider the merits of LaFontaine's Motion to the extent she seeks relief under Fed. R. Civ. P. 59 & 60, LaFontaine has failed to direct the Court to any legal authority indicating that the Court can consider the merits of her request for relief under Fed. R. Civ. P. 54. The Court, however, will address the merits of LaFontaine's request for relief under Rule

---

[64] R. Doc. 1-2 at ¶ 38.
[65] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

54 to the extent that such action will aid the appeal of this matter.[66]  In the Motion, LaFontaine asserts that the Court's August 20, 2021 Final Judgment "addresses fewer than all claims" and, as such, "is a partial judgment pursuant to Fed. R. Civ. Proc. art. [sic] 54(b) and, [sic] should be designated as such."[67]  As previously articulated in this Order, a cursory review of the Court's August 20, 2021 Order and Reasons makes clear that the Court addressed, and dismissed, each of the claims asserted by LaFontaine in her state court Petition, and provided extensive reasoning for doing so.[68]  Thus, the Court's August 20, 2021 Final Judgment is an adjudication of all of LaFontaine's claims in this matter.  For these reasons, LaFontaine has failed to show that she is entitled to post-judgment relief under Rule 54(b).

### E.  LaFontaine's Request for Relief Under Fed. R. Civ. P. 52.

To the extent LaFontaine's Motion can be construed as seeking relief under Fed. R. Civ. P. 52, LaFontaine has failed to cite any legal authority indicating that this Court has jurisdiction to consider that claim.  The Court, however, will address the merits of LaFontaine's request for relief under Rule 52 to the extent that such action will aid the appeal of this matter.[69]  The Court notes that, to the extent LaFontaine's Motion can be construed as seeking relief under Fed. R. Civ. P. 52, LaFontaine fails to articulate a provision of Rule 52 under which she is seeking relief. Moreover, Rule 52 concerns a district court's findings of facts and conclusions of law

---

[66] *See, Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)).
[67] R. Doc. 60-1 at p. 2.
[68] *See*, R. Doc. 58 at pp. 10-21.
[69] *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 (5th Cir. 1999) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)).

issued in "an action tried on the facts without a jury or with an advisory jury," and provides a mechanism by which the court may amend its findings, make additional findings, and amend the judgment.[70] Because this matter was not resolved through a bench trial, LaFontaine has failed to show that she is entitled to post-judgment relief under Rule 52.

### F. LaFontaine's Request for the Court to Consider Her Untimely Response to Mass Mutual's Motion for Judgment on the Pleadings.

In one of her requests for relief, LaFontaine asserts that the Court should consider her untimely response to Mass Mutual's Motion for Judgment on the Pleadings.[71] LaFontaine asserts the following:

> The Plaintiff timely-filed a Response (Docs. 33, 34) to the Defendant's Rule 12(c) Motion for Judgment on the Pleadings (Doc 20). Thus, the Court should not have considered only the Defendant's Rule 12(c) when issuing the Order and Reasons, and rendering the Final Judgment. (See the Court's Text Order entered as Doc. 33, which set the deadline for April 26, 2021.) (See also the Plaintiff's Response timely-filed on April 26, 2021, and docketed as Doc. 34.) the Plaintiff's Response should be considered by the Court.[72]

The Court has already considered, and rejected, these same arguments, extensively and repeatedly, on two prior occasions.[73] In doing so, the Court has explained that LaFontaine failed to file a timely response to Mass Mutual's Motion for Judgment on the Pleadings, despite the Court granting her two continuances to do so.[74] As the

---

[70] *See*, Fed. R. Civ. P. 52.
[71] R. Doc. 60-1 at p. 1.
[72] *Id.*
[73] *See*, R. Doc. 38; R. Doc. 58 at p.1, n.2.
[74] *See,* R. Docs. 25 & 27.

Court explained in its prior Order, striking LaFontaine's untimely-filed response:

> The Court further notes that on April 26, 2021, despite the fact that Plaintiff's Motion to Extend Deadlines was still pending, Plaintiff filed into the record her untimely response to Defendant's Motion for Judgment on the Pleadings. (R. Doc. 34). It appears to the Court that Plaintiff misconstrued the Court's April 22, 2021 Text Order, in which the Court ordered that any opposition to Plaintiff's Motion for Extension of Deadlines must be filed by Monday, April 26, 2021, and that the Motion would be deemed submitted on April 26, 2021. (R. Doc. 33). Plaintiff asserts in her Motion to Clarify Deadline to Amend Pleadings that, "The Court generously issued Text Order Nos. 32 & 33, extending the deadline for Ms. Lafontaine to file a Response to the Defendant's Rule 12(c) until today (Monday, April 26, 2021)." (R. Doc. 36 at p. 1). The Court did no such thing. The Court merely set an opposition deadline and a submission date on Plaintiff's Motion to Extend Deadlines. Because Plaintiff has not been granted leave of Court to file her untimely response, it must be stricken from the record as improperly filed.[75]

To the extent Lafontaine is asserting that the deadline for filing a response to Mass Mutual's Motion for Judgment on the Pleadings was April 26, 2021, the Court reiterates that Lafontaine has misinterpreted the docket entry. As clearly reflected in the docket entry, the Court set an April 26, 2021 deadline for any opposition to *Lafontaine's* Motion To Extend Deadlines to Respond and Reply to Defendant's Motion for Judgment on the Pleadings.[76] Mass Mutual timely filed its opposition brief to LaFontaine's motion on April 26, 2021.[77] As previously mentioned, the Court ultimately denied LaFontaine's motion.[78] LaFontaine fails to cite any legal authority that would authorize the Court to consider her untimely response at this stage of the litigation, nor has the Court found reason to do so. As such, the Court denies

---

[75] R. Doc. 38 at p. 2.
[76] R. Doc. 29.
[77] R. Doc. 35.
[78] R. Doc. 38.

LaFontaine's request for the Court to consider her untimely response to Mass Mutual's Motion for Judgment on the Pleadings.

### G. LaFontaine's Request for Leave to Amend.

Finally, in the Motion, LaFontaine "reiterates" her prior request for leave to amend her state court Petition "to address any deficiencies the Court may find."[79] LaFontaine has failed to cite any legal authority indicating that this Court can grant such relief at this stage of the litigation. The Court, therefore, denies LaFontaine's request to amend her Petition.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief From Final Judgment Pursuant to Rules 52, 54, 59, 60 of the Federal Rules of Civil Procedure[80] is **DENIED.**

New Orleans, Louisiana, November 1, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[79] R. Doc. 60-1 at pp. 6-7 (*quoting* R. Doc. 34 at pp. 21-22) (internal quotation marks omitted).
[80] R. Doc. 60.